PEOPLE ex rel. RODENBERG v. WARDEN OF PENITENTIARY.

(Supreme Court, Special Term, New York County.   November 29, 1911.)

1. RECEIVING STOLEN GOODS (§ 10*)—PUNISHMENT.
    Under Penal Law (Consol. Laws 1909, c. 40) § 1308, authorizing imprisonment in a state prison for not more than five years or in a county jail for not more than six months for receiving stolen goods, a sentence for one year to a penitentiary which constitutes a county jail is improper.

    [Ed. Note.—For other cases, see Receiving Stolen Goods, Dec. Dig. § 10.*]

2. RECEIVING STOLEN GOODS (§ 10*)—PUNISHMENT—STATUTES—REPEAL.
    Consolidation Act (Laws 1882, c. 410) § 1453, providing that, on conviction in any criminal court in New York City for receiving stolen property, one may be sentenced to imprisonment in a penitentiary for the same term for which he might be sentenced to a state prison, was repealed by Penal Law (Consol. Laws 1909, c. 40) § 1308, authorizing sentence to a state prison for not more than five years or to a county jail for not more than six months.

    [Ed. Note.—For other cases, see Receiving Stolen Goods, Dec. Dig. § 10.*]

Habeas corpus proceeding by the People of the State of New York, on the relation of Philip Rodenberg, against the Warden of the Penitentiary.   Writ sustained, and relator discharged.

Louis Levy, for relator.
Charles S. Whitman, Dist. Atty., for defendant.

SEABURY, J.   [1] The relator was convicted of the crime of receiving stolen goods under section 1308 of the penal law (Consol. Laws 1909, c. 40) in the Court of General Sessions.   He was sentenced to the penitentiary for a period of one year.   He has served more than six months of the sentence imposed, and now seeks his discharge upon a writ of habeas corpus.   The ground upon which the relator's application is based is that section 1308 of the penal law under which he was convicted provides two punishments for the crime of receiving stolen goods, either one of which the court before which he was convicted had power to impose.   The punishments prescribed include a sentence in state prison for not more than five years or not more than six months in a county jail.   The penitentiary is one of the county jails of New York.   It appears, therefore, that the relator has been sentenced to the county jail for one year, while the provision of the statute under which he was convicted provided that one convicted under that statute should be sentenced to not more than six months in a county jail.   It is true that the court might have sentenced the relator to one year in state prison, but this is not the sentence which the court imposed.   The court determined not to sentence relator to state prison, and, instead, sentenced him to the penitentiary, which is a county jail.   Having determined to sentence the relator to a county jail, it was not competent for the court to sentence him for a period longer than six months.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2]. The attempt is made to sustain the sentence for one year upon the authority of section 1453 of the consolidation act (Laws 1882, c. 410). This section provides as follows:

"Whenever a conviction shall be had in any criminal court in the city of New York, of any person for buying or receiving any personal property feloniously stolen from another, knowing the same to have been stolen, such person may be sentenced, in the discretion of the court, to imprisonment in the penitentiary of the said city for the same term of time for which such person may by law be sentenced to imprisonment in a state prison."

If this provision of the consolidation act was still in existence, a serious question would even then exist as to whether its general provision could be held to prevail over the special provision of the statute under which the relator was convicted. It is not, however, necessary to determine this question, as it is clear that it must be held that section 1453 of the consolidation act has been repealed by section 1308 of the penal law, under which the relator was convicted. Section 1308 of the penal law in so far as its provisions relate to the sentence to be imposed is a re-enactment of section 550 of the Penal Code. The Penal Code, including section 550 referred to, was enacted into law in 1881. See chapter 676 of the Laws of 1881. Section 1453 of the consolidation act was a re-enactment of section 13 of chapter 11 of the Laws of 1833. It is settled that the Penal Code is to be deemed a later enactment of the Legislature than the consolidation act and, as the provision of the consolidation act quoted above is repugnant to section 550 of the Penal Code, the provision of the consolidation act is, in so far as it is repugnant to the provision of the Penal Code, to be deemed to be repealed. In People v. Jaehne, 103 N. Y. 182, 188, 8 N. E. 374, 375, Andrews, J., said:

"By the express prescription of the Legislature, therefore, the Penal Code, although enacted before the consolidation act, is to have the same effect upon the consolidation act as if it had been passed after that act. This provision, although somewhat anomalous, does not, as we can perceive, transcend the legislative power. It subordinates the consolidation act to the Penal Code, wherever the two statutes are in conflict, and, moreover, what is material to notice, the provision affords the plainest implication that in the sense of the Legislature there were or might be penal provisions in the consolidation act in conflict with the Penal Code. For the purpose of construction the Legislature has declared in what order of time the two statutes shall be deemed to have been enacted, and, there being no question of legislative power, it is the plain duty of courts to construe the two statutes in accordance with this direction."

In the light of this authority and the provision of the statute under which the relator was convicted, it is evident that he could not be lawfully sentenced to the penitentiary for a period longer than six months. As the relator has already served this period of time, he is entitled to be discharged.

Writ sustained and relator discharged.